| Case No. | CV 11-1783 CAS (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Salar Atrizadeh | Raymond Collins | |

**Proceedings:** ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER (filed 03/09/11)

## I.   INTRODUCTION & BACKGROUND

On March 2, 2011, plaintiff Thomas A. Naderski filed the instant action against Wells Fargo Bank, N.A. ("Wells Fargo"); Wachovia Mortgage Corporation ("Wachovia"); Cal-Western Reconveyance ("Cal-Western"); and Does 1 through 10 (collectively "defendants"). Plaintiff's complaint advances thirteen claims for relief, styled as: (1) violation of the Truth in Lending Act under 15 U.S.C. § 1601 et seq. and Federal Reserve Regulation Z, 12 C.F.R. § 226 et seq.; (2) fraudulent omissions; (3) violation of Business & Professions Code § 17200 et seq.; (4) breach of contract; (5) breach of the implied covenant of good faith and fair dealing; (6) violation of California Civil Code § 2923.5; (7) violation of California Civil Code § 2923.6; (8) negligence; (9) wrongful foreclosure; (10) cancellation of instrument; (11) rescission in equity; (12) misrepresentation under California Civil Code §§ 1709–1710; and (13) promissory estoppel.

On September 16, 2004, plaintiff entered into a mortgage loan transaction with World Savings Bank, FSB ("WSB"), whereby plaintiff obtained a $415,000 loan from WSB secured by a Deed of Trust recorded against his property located at 2966 Goodview Trail, Los Angeles, CA 90068 ("property"). Complaint ¶ 17. On October 18, 2005, plaintiff entered into a second mortgage loan with WSB, obtaining a $200,000 loan from WSB secured by a Second Deed of Trust on the property. Id. ¶¶ 22, 23. The gravamen of plaintiff's complaint is that defendants committed various wrongful acts in connection with the origination of the loans, and have wrongfully commenced foreclosure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1783 CAS (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

proceedings on the property.  See generally Complaint.  A notice of default was recorded against the property on June 29, 2010.[1]  RJN, Exh. 2.  On September 30, 2010, Cal-Western recorded a notice of trustee's sale against the property.  RJN, Exh. 4.

On March 7, 2011, plaintiff filed an ex parte application for a temporary restraining order ("TRO") and order to show cause regarding a preliminary injunction.  On March 9, 2011, the Court denied plaintiff's ex parte application for a TRO without prejudice, subject to being renewed upon showing that plaintiff effectuated proper of service of process on defendants.

On March 9, 2011, plaintiff filed separate proofs of service indicating service by mail, and requested that the Court reconsider its application for a TRO.  On March 10, 2011, Cal-Western filed an opposition to plaintiff's application for TRO.[2]  On March 21, 2011, Wells Fargo filed an opposition to plaintiff's application for a TRO, and joined in the arguments made by Cal-Western.

Although plaintiff failed to personally serve defendants in accordance with the Court's March 9, 2011 Order, the Court held an expedited hearing on plaintiff's application for a TRO on March 15, 2011, because the foreclosure sale on the property was set for March 16, 2011.  At the hearing, Cal-Western confirmed that the foreclosure sale had been postponed until April 18, 2011, and plaintiff requested additional time to negotiate with defendants a reinstatement of the loan.  Accordingly, the Court continued the hearing on plaintiff's application for a TRO to April 11, 2011.

At the April 11, 2011 hearing, defendants stated that there was no basis for a modification of plaintiff's loan.  Nevertheless, plaintiff requested another postponement of the foreclosure sale to submit additional financial information to defendants, and request a reassessment of his financial status for loan modification.  After some encouragement from the Court, defendants agreed to postpone the foreclosure sale until May 2, 2011, and the Court continued the hearing on plaintiff's application for a TRO

---

[1] The Court GRANTS Cal-Western's request for judicial notice with respect to Exhibits 1, 2, 3, and 4.  See Defendant Cal-Western's Request for Judicial Notice ("RJN") at 2.

[2] On March 18, 2011, Cal-Western filed a declaration of non-monetary status.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1783 CAS (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

until April 25, 2011. Defendants ultimately denied plaintiff's request to modify and reinstate his loan.

The Court held a final hearing on plaintiff's application for a TRO on April 25, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). Injunctive relief is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 375 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## III. DISCUSSION

### A. Irreparable Harm/Public Interest/Balance of the Hardships

The Court finds that plaintiff is likely to face irreparable harm if the foreclosure sale on his home goes forward. If an injunction does not issue, the property is scheduled to be sold at a trustee's sale on May 2, 2011. See Chetal v. Am. Home Mortg., No. C 09-02727 CRB, 2009 WL 2612312, at *2 (N.D. Cal. Aug. 24, 2009) (citing Cottonwood Christian Ctr. v. Cypress Redevelopment Agency, 218 F. Supp. 2d 1203, 1220 (C.D. Cal. 2002) ("every piece of property is unique and thus damages are an insufficient remedy to the denial of property rights")). The public interest also weighs in favor of preventing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1783 CAS (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

wrongful foreclosure of individuals' property. Moreover, the balance of hardships tips sharply in plaintiff's favor: if the trustee's sale is not enjoined plaintiff is likely to forever lose his home, whereas defendants will only experience a temporary delay in earning income from their investment. See Chetal, 2009 WL 2612313, at *2.

### B.   Success on the Merits/Serious Legal Questions

Plaintiff argues he is likely to succeed on the merits because defendants have failed to provide the notice of default and notice of trustee's sale as required by California Civil Code § 2924b and did not contact him in order to assess his financial situation and explore options to avoid foreclosure in violation of California Civil Code § 2923.5.[3] Mot. at 4–5. Section 2924b requires the recording and service of a notice of default and a notice of trustee's sale in a non-judicial foreclosure sale. See Knapp v. Doherty, 123 Cal. App. 4th 76, 86-89 (2004). Section 2923.5 requires that before filing a notice of default, a lender must contact the borrower and explore alternatives to foreclosure. See Mabry v. Superior Court, 185 Cal. App. 4th 208, 213–14 (2010). The remedy for a violation of section 2923.5 is postponement of the scheduled foreclosure sale until there is compliance by the foreclosing party. Id. at 223.

Cal-Western argues that plaintiff cannot prevail on the merits because defendants complied with the requirements of California's non-judicial foreclosure scheme. Opp'n at 7. Cal-Western submits "affidavits of mailing" and other relevant declarations as evidence that it satisfied the requirements of section 2924b. See generally Declaration of Yvonne Wheeler ("Wheeler Decl."). The affidavit of mailing reflects that Cal-Western mailed a copy of the notice of default to plaintiff via first class mail on July 8, 2010, as required by section 2924b(b)(1). See Wheeler Decl., Exh. A. Further, on July 28, 2010, within one month following the recordation of the notice of default, Cal-Western mailed to plaintiff copies of the notice of default, as required by section 2924b(c). See Wheeler Decl., Exh. B. On August 12, 2010, Cal-Western mailed to plaintiff copies of the substitution of trustee, as required by section 2934a. See Wheeler Decl., Exh C. Finally, on September 30, 2010, Cal-Western mailed to plaintiff copies of the notice of trustee's

---

[3] In his application for a temporary restraining order, plaintiff does not argue that he is likely to succeed on any of his other claims for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1783 CAS (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

sale, as required by section 2924b(b)(2), and posted the notice of trustee's sale on the front door of the property. See Wheeler Decl., Exhs. D, E, and F.

With respect to the purported violations of California Civil Code § 2923.5, Cal-Western maintains that Wells Fargo "tried with due diligence, as prescribed by California Civil Code Section 2923.5(g), to contact the borrower." Opp'n at 9 (quoting Declaration of Wells Fargo Bank, N.A. contained in the notice of default). A notice of default may be filed without prior contact if there was due diligence to contact the borrower by mail, telephone, or other means specified in the statute. Cal. Civ. Code § 2923.5(g).

The statutes plaintiff cites do not require that plaintiff actually received the notices sent by defendants. One California appellate court has held:

> We pointedly emphasize, however, that Civil Code sections 2924–2924h, inclusive, do not require actual receipt by a trustor of a notice of default or notice of sale. They simply mandate certain procedural requirements reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent.

Lupertino v. Carbahal, 35 Cal. App. 3d 742, 746–47 (1973); see also Knapp, 123 Cal. App. 4th at 88 ("The trustor need not receive actual notice of the trustee's sale so long as notice is provided to the trustor that is in compliance with the statute."). Cal-Western's submission appears to establish that defendants properly served plaintiff with the notice of default and notice of trustee's sale in compliance with the statutory requirements. Plaintiff has failed to set forth any evidence to rebut the presumption created by Cal-Western's declarations that plaintiff was provided adequate notice. See Knapp, 123 Cal. App. 4th at 88–89 (borrowers failed to show triable issue of fact with respect to service of notice of sale where they failed to rebut evidence that notice of sale was served in accordance with statutory scheme); see also Spears v. First Guaranty Mortgage Corp., No. C09-5721 THE, 2010 WL 1135803, at *3–4 (N.D. Cal. Mar. 22, 2010) (Henderson, J.) (granting summary judgment in favor of lender where borrower only submitted a declaration that he never received the notice of default or notice of trustee's sale, and submitted no evidence that such notices were not actually sent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 11-1783 CAS (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

At the hearing on April 25, 2011, plaintiff argued for the first time that there is no evidence that defendants obtained, pursuant to Cal. Civ. Code § 2923.53, a valid exemption from the time frame requirements for giving notice of sale specified in Cal. Civ. Code 2923.52(a). Section 2923.52(a) imposes an additional 90 day delay between filing a notice of default and notice of sale for certain residential loans "in order to allow the parties to pursue a loan modification to prevent foreclosure." Cal. Civ. Code § 2923.52(a); see also Vuki v. Superior Court, 189 Cal. App. 4th 791, 795 (2010). Section 2923.53 "allows for an exemption to that delay if lenders have loan modification programs that meet certain criteria." Vuki, 189 Cal. App. 4th at 795.

As an initial matter, the Court notes that the notice of trustee's sale contains an express statement that the time frame requirements set forth in section 2932.52(a) do not apply because the mortgage loan servicer obtained a valid exemption pursuant to section 2923.53. See RJN, Exh. 4. Indeed, Jaimee Gonzales, Vice President of Wachovia, attested to this fact in a declaration attached to the notice of trustee's sale. Id. Moreover, a list of mortgage loan servicers who have been granted an exemption under section 2923.52(a), issued by the California Department of Corporations, verifies that Wachovia was granted an exemption. See California Foreclosure Prevention Act Report, Appendix A, available at http://www.corp.ca.gov/FSD/CFP/pdf/CPFA_Report_2010.pdf (last accessed April 25, 2011);[4] see also Gens v. Wachovia Mortgage Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, at *7 (N.D. Cal. May 27, 2010) (noting that a "'List of Licensees that have received an exemption from Civil Code Section § 2923.52(a)' issued by the California Department of Corporations . . . identifies Wachovia as an exempt entity."). Finally, plaintiff does not have standing to pursue a claim under sections 2923.52 and 2923.53 or challenge the Commissioner's decision to grant Wachovia an exemption, because those sections do not contain a private right of action. See Vuki, 189 Cal. App. 4th at 799 ("Enforcement of sections 2923.52 and 2923.53 is committed to regulatory agencies[;] . . . [n]ot only is there no express unmistakable private right to sue . . ., there is a virtually unmistakable intent <u>not</u> to allow a private right to sue.") (emphasis in original); see also Chanthavong v. Aurora Loan Servs., No. 2:10-cv-2269-GEB-JFM,

---

[4] The Court takes judicial notice of The California Foreclosure Prevention Act Report as it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1783 CAS (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

2011 WL 1047711, at *9 (E.D. Cal. Mar. 18, 2011) (dismissing with prejudice plaintiff's claim under Cal. Civ. Code §§ 2923.52 and 2923.53 because "neither section 2923.52 or section 2923.53 provides any private right of action.") (quoting <u>Vuki</u>, 189 Cal. App. 4th at 799).

Accordingly, the Court finds that plaintiff has failed to meet his burden of establishing a likelihood of success on the merits or serious legal question with respect to his claim that defendants have failed to comply with provisions of California's non-judicial foreclosure scheme.

## IV. CONCLUSION

While plaintiff faces significant and irreparable harm in the foreclosure of his home, he has not demonstrated a likelihood of success on the merits or serious legal question with respect to his claims. Accordingly, the Court hereby DENIES plaintiff's application for a temporary restraining order.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |