UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-1783 CAS (CWx) | Date | May 10, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): DEFENDANT'S MOTION TO DISMISS** (filed 03/28/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.   INTRODUCTION**

On March 2, 2011, plaintiff Thomas A. Naderski filed the instant action against Wells Fargo Bank, N.A. ("Wells Fargo"); Wachovia Mortgage Corporation ("Wachovia"); Cal-Western Reconveyance ("Cal-Western"); and Does 1 through 10 (collectively "defendants"). Plaintiff's complaint advances thirteen claims for relief, styled as: (1) violation of the Truth in Lending Act under 15 U.S.C. § 1601 et seq. and Federal Reserve Regulation Z, 12 C.F.R. § 226 et seq.; (2) fraudulent omissions; (3) violation of Business & Professions Code § 17200 et seq.; (4) breach of contract; (5) breach of the implied covenant of good faith and fair dealing; (6) violation of California Civil Code § 2923.5; (7) violation of California Civil Code § 2923.6; (8) negligence; (9) wrongful foreclosure; (10) cancellation of instrument; (11) rescission in equity; (12) misrepresentation under California Civil Code §§ 1709–1710; and (13) promissory estoppel. Plaintiff alleges that the Court has federal question jurisdiction. See Complaint ¶ 5; see also 28 U.S.C. § 1331.

On September 16, 2004, plaintiff entered into a mortgage loan transaction with World Savings Bank, FSB ("WSB"), whereby plaintiff obtained a $415,000 loan from WSB secured by a Deed of Trust recorded against his property located at 2966 Goodview Trail, Los Angeles, CA 90068 ("property"). Complaint ¶ 17. On October 18, 2005, plaintiff entered into a second mortgage loan with WSB, obtaining a $200,000 loan from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 11-1783 CAS (CWx) | Date | May 10, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

WSB secured by a Second Deed of Trust on the property. Id. ¶¶ 22, 23. The gravamen of plaintiff's complaint is that defendants committed various wrongful acts in connection with the origination of the loans, and have wrongfully commenced foreclosure proceedings on the property. See generally Complaint.

On March 28, 2011, defendant Wells Fargo filed the instant motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). On April 18, 2011, plaintiff filed an opposition to defendant's motion. Defendant replied on May 2, 2011. Defendant's motion is presently before the Court.[1]

## II.　LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624

---

[1] On April 25, 2011, the Court denied plaintiff's ex parte application for a temporary restraining order. See Dkt. 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　JS-6

| Case No. | CV 11-1783 CAS (CWx) | Date | May 10, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

(9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.　DISCUSSION

Plaintiff alleges that defendants failed to provide adequate disclosures about the nature of his loan in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Complaint ¶¶ 3, 47, 61, 77–109. Plaintiff seeks to rescind the loan and damages. Id. ¶ 110.

Plaintiff's claims under TILA are time barred. TILA imposes a three year time limit for rescission, 15 U.S.C. § 1635(f), and a one year limitations period for a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   JS-6

| Case No. | CV 11-1783 CAS (CWx) | Date | May 10, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

actual or statutory damages, 15 U.S.C. § 1640(e). The statute of limitations begins to run "at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). As discussed above, plaintiff entered into the loan transactions at issue on September 16, 2004 and October 18, 2005, but did not bring his TILA claim until March 2, 2011, over five years later.

Although TILA recognizes the principle of equitable tolling of the statute of limitations under certain circumstances, plaintiff has not alleged any facts that would give rise to equitable tolling. Id. at 913. Plaintiff argues that he is entitled to equitable tolling because he did not discover the facts giving rise to his TILA claim until June 28, 2010, when defendants filed the notice of default. Opp'n at 6. However, plaintiff was in possession of and signed the loan documents at issue, and the allegations are insufficient to demonstrate that he exercised reasonable diligence in attempting to discover the alleged violations. See Complaint, Exhs. 1–5. Accordingly, equitable tolling is inappropriate under these circumstances. See King, 784 F.2d at 914 ("Congress placed a three year absolute limit on rescission actions, demonstrating its willingness to put a limit on the scope of some types of TILA actions."); see also Huseman v. Icicle Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir. 2006) (whether the statute of limitations should be equitably tolled is a factual determination that "focuses on whether there was excusable delay by the plaintiff and may be applied if, *despite all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim.") (quotations and citations omitted) (emphasis in original); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (dismissing TILA claim, despite request for equitable tolling, where plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period).

For these reasons, and because the Court finds that amendment would be futile, the Court DISMISSES plaintiff's TILA claim with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401 (9th Cir. 1986). In view of the Court's dismissal of plaintiff's TILA claim, the sole basis for this Court's subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining common law and state law claims. 28 U.S.C. § 1367; see Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.") (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984) (alterations in original); Scholar v. Pac. Bell, 963 F.2d 264, 268 n.4 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 11-1783 CAS (CWx) | Date | May 10, 2011 |
|---|---|---|---|
| Title | THOMAS A. NADERSKI v. WELLS FARGO BANK, N.A.; ET AL. | | |

1992) (same); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed."). Accordingly, the Court DISMISSES the remainder of plaintiff's complaint without prejudice to asserting the common law and state law claims in state court.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion to dismiss. The Court DISMISSES plaintiff's TILA claim with prejudice. The Court DISMISSES the remainder of the complaint without prejudice to plaintiff asserting the common law and state law claims in state court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |